**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI OXFORD DIVISION**

**SHANTERRA JACKSON** **PLAINTIFF**

v. **Civil Action No.:** 3:24-CV-152-SA-JMV

**CITY OF SENATOBIA, RICHARD CHANDLER, IN HIS OFFICIAL CAPACITY AS CHIEF OF THE SENATOBIA POLICE DEPARTMENT, AND WILLIS MCNEIL IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS AN OFFICER OF THE SENATOBIA POLICE DEPARTMENT** **DEFENDANTS**

---

**COMPLAINT**
(Jury Trial Demanded)

---

COMES NOW, Plaintiff Shanterra Jackson, by and through her undersigned attorney, and brings this *Complaint*, alleging the following causes of action against Defendants, and shows this honorable court to wit:

**PARTIES**

1. At all times material hereto, Defendant City of Senatobia ("The City") is a municipality, duly incorporated under the laws of the State of Mississippi and as such is a political subdivision of the State of Mississippi and, among its other functions, operates and maintains a law enforcement agency known as the Senatobia Police Department. The City of Senatobia is under a duty to operate its policing activities lawfully to preserve the peace of the City of Senatobia and the rights, privileges, and immunities guaranteed and secured to them by the Constitution and the laws of the United States and/or the

State of Mississippi. Such municipality is subject to suit pursuant to 42 U.S.C. § 1981. The City of Senatobia may be served with this Complaint by serving the City Clerk, Katie Harbin, at the Senatobia Municipal Building, P.O. Box 1020, Senatobia, MS 38668.

2. Defendant Richard Chandler is an adult resident citizen of Tate County, The City of Senatobia, Mississippi, and can be served at his place of employment at 131 N Front St, Senatobia, MS 38668. Defendant Richard Chandler is responsible for the day-to-day operation of the Senatobia Police Department and was the final policymaker with respect to law enforcement operations for the City of Senatobia relevant to this action. Defendant Chandler was under a duty to operate the policing activities of the Senatobia Police Department to preserve not only the peace of the City of Senatobia but also to protect its citizens and to preserve their rights, privileges, and immunities guaranteed and secured to them by the Constitution and the laws of the United States and/or the State of Mississippi. The plaintiff is bringing this cause of action against Defendant Chandler in his official capacity of chief of the Senatobia Police Department.

3. Defendant Willis McNeil is an officer of the City of Senatobia Police Department and was acting under the color of state law and within the scope of his employment with the Senatobia Police Department. Plaintiff is bringing this action against Willis McNeil in both his individual and official capacity as an officer of the Senatobia Police Department. Defendant Willis McNeil may be served at his place of employment at 131 N Front St, Senatobia, MS 38668.

4. Plaintiff Shanterra Jackson is an adult resident citizen of Senatobia, Mississippi.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343 because the controversy arises under the U.S. Constitution and 42 U.S.C. § 1983. This Court has authority to award attorney's fees pursuant to 42 U.S.C. § 1988.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this complaint happened in this district.

## STATEMENT OF FACTS

7. On August 25th, 2023, Shanterra Jackson, an African American woman, was traveling with a companion as an occupant in a vehicle. They were subsequently pulled over in a traffic stop by a Sardis police officer. When the officer approached the driver's side of the vehicle, the Sardis police officer did not mention a reason for the stop

8. The Sardis police officer then came to Plaintiff Jackson's car with a firearm drawn and forced Plaintiff Jackson and her companion out of the vehicle.

9. The Sardis police officer then called another police officer from the Senatobia Police Department to assist with the scene.

10. Subsequently, the Senatobia Police Department officer, Defendant McNeil, arrived. He took Plaintiff Jackson in handcuffs. During this incident, no probable cause for this significant deprivation of liberty was explained.

11. Plaintiff Jackson was detained in the police car and could not get out due to the locked door and handcuffs that tied her wrists together. Defendant McNeil then drove her into the woods. Plaintiff Jackson, fearful, asked the police officer: "what are you doing with me?" and further propounded questions as to why she was taken to the wooded area. Defendant McNeil responded, "you know for what."

12. The police officer then turned his body camera off. Defendant McNeil took Plaintiff Jackson's handcuffs off and bent her over his car. He began sexually assaulting her against her will. Plaintiff Jackson pleaded with Defendant McNeil to stop. Plaintiff Jackson was in

a confused state of mind as to why she was taken to the wooded area when she was just pulled over initially for what seemed a traffic stop.

13. Because of Defendants' overall negligence and this interaction, Plaintiff Jackson suffers mental, emotional, and physical trauma.

**COUNT I**

**42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment (As to Defendant) McNeil)**

14. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

15. 42 U.S.C. § 1983 provides that:

"Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . ."

16. Defendant McNeil deprived Plaintiff Jackson of clearly established rights secured to her under the United States Constitution – specifically the Fourth Amendment right to be free from the use of excessive force against one's person.

17. Defendant McNeil's excessive use of force caused Plaintiff Jackson to suffer immense damages.

18. Any reasonable police officer in the position of Defendant McNeil would have known that the force being used against Plaintiff Jackson was unconstitutional and extremely excessive.

19. Any reasonable police officer in the position of Defendant McNeil would have known that they had a duty to take reasonable measures to prevent harm to Plaintiff Jackson, instead of participating in a barbaric sexual assault to an innocent citizen of those he was sworn to protect.

20. Defendant McNeil's conduct resulted in a physical and psychological injury to Plaintiff Jackson.

**COUNT II**

**Mississippi State Law Claims for Negligence (As to Defendant McNeil)**

21. Plaintiff realleges and incorporates each and every preceding paragraph as if fully set forth herein.

22. Defendant McNeil owed a duty to Plaintiff as an officer of law to abide by a reasonable standard of care and protect her as an officer acting under the color of State Law.

23. Defendant McNeil breached that duty by causing Plaintiff immense harm through sexual assault.

24. Because of this, Plaintiff Jackson suffers severe psychological damages, embarrassment, humiliation and injuries.

**COUNT III**

**42 U.S.C. § 1983 – Failure to Train and Supervise (as to Defendant Richard Chandler and Defendant City of Senatobia)**

25. Plaintiff realleges and incorporates each and every preceding paragraph as if fully set forth herein.

26. Defendant Richard Chandler and Defendant City of Senatobia Negligently trained, retained, hired, and Defendant McNeil.

27. At all times relevant to this action, Defendant Richard Chandler had policymaking authority and otherwise controlled the training and supervisory practices of Defendant McNeil. Defendant Chandler and Defendant City had the authority to hire, fire, and discipline employees of the Senatobia Police Department.

28. Defendant Chandler and Defendant City of Senatobia knew or should have known that Defendant McNeil needed supervision or further training, yet, both Defendant Chandler and Defendant City of Senatobia negligently failed to employ such supervision or further training.

29. Such failure to train and supervise allowed Defendant McNeil to commit an appalling and unbelievable act of sexual violence towards Plaintiff Jackson.

30. As a direct and proximate result of the aforementioned Defendants' negligence, Plaintiff Jackson, sustained the damages set forth herein and all damages that will be proved at trial hereon.

**COUNT IV**

**Mississippi State Law Claims for False Arrest and Imprisonment as to Defendant McNeil**

31. Plaintiff realleges and incorporates each and every preceding paragraph as if fully set forth herein.

32. Defendant McNeil used force and a show of authority to improperly restrain and imprison Plaintiff Jackson.

33. Plaintiff Jackson was not free to leave due to the intentional restriction of Defendant McNeil.

34. Because of this, Plaintiff Jackson suffers damages.

**COUNT V**

**Respondeat Superior (as to Defendant City)**

35. Plaintiff realleges and incorporates each and every preceding paragraph as if fully set forth herein.

36. Defendant McNeil was in the course and scope of his employment of Defendant City, at all relevant times immediately subsequent to and preceding the incident in question, and therefore, Defendant City is liable for the negligence of its employee Defendant McNeil.

**COUNT VI**

**Violation of 14th Amendment Rights under 28 U.S.C. § 1343 (as to all Defendants)**

37. Plaintiff incorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

38. Plaintiff would show unto this Honorable Court that the Defendants, with reckless disregard for Plaintiff Jackson's rights, took action to deprive Plaintiff of her 14th Amendment rights.

39. As a result, Plaintiff suffered damages because of the aforementioned conduct as set heretofore and/or hereinafter that resulted in Plaintiff's injuries.

**COUNT VII**

**Mississippi State Law Claims for Civil Assault and Battery as to Defendant McNeil**

40. Plaintiff incorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

41. Defendant McNeil is liable for civil assault and battery. Plainitiff Jackson alleges that Defendant McNeil inflicted extreme physical pain and inhumane torture upon Plaintiff by forcefully sexually assaulting her, causing bodily harm to her person as well as psychological harm. The aforementioned Defendant has caused Plaintiff to suffer from extreme emotional distress and mental anguish, anxiety, as well as, severe bodily pain and suffering.

42. As a direct and proximate result of aforementioned Defendants' acts, Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

**COUNT VIII**

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court grant them relief as follows:

a. Enter a declaratory judgment finding that the actions of the Defendants as alleged in this Complaint violated 42 U.S.C. § 1983.

b. Award compensatory damages in the amount of $10,000,000 for Plaintiff or other amounts that would fully compensate Plaintiff for her damages, including but not limited to her physical injuries, emotional distress, and mental anguish caused by Defendants' violations of the law, as alleged in this Complaint;

c. Award punitive damages to Plaintiff in an amount sufficient to punish Defendants for the intentional, malicious, callous, bad faith, willful, wanton, and reckless misconduct alleged in this Complaint and that would effectively deter Defendants from future discriminatory behavior;

d. Award Plaintiff her attorneys' fees and costs; and

e. Order such other and further relief as the Court deems equitable.

RESPECTFULLY SUBMITTED, THIS the 21st day of May 2024.

**SHANTERRA JACKSON**

By:/s/Carlos E Moore________
Carlos E. Moore, MSB# 100685

**OF COUNSEL:**

**CARLOS MOORE LAW GROUP**
306 Branscome Drive
P. 0. Box 1487
Grenada, MS 38902-1487
662-227-9940 - phone
662-227-9941- fax
Email: CarlosMooreLaw@gmail.com