UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SHANTERRA JACKSON PLAINTIFF

vs. Civil No. 3:24-cv-152-GHD-JMV

TOWN OF COMO, MISSISSIPPI, *et. al.* DEFENDANTS

**MEMORANDUM OPINION**

Presently before the Court is Defendant Town of Como, Mississippi's ("Defendant") Motion for Judgment on the Pleadings [Doc. No. 52] seeking to dismiss Plaintiff Shanterra Jackson's ("Plaintiff") Second Amended Complaint [40] which alleges Section 1983 and Fourteenth Amendment rights violations. Upon due consideration, the Court finds Defendant's Motion [52] should be granted for the reasons set forth in this opinion.

## *I. Background*

On August 25, 2023, Plaintiff and her companion—the driver—were pulled over by a Sardis, Mississippi, police officer but sped away before the officer made contact [12]. After a high-speed chase, the same officer stopped Plaintiff and the driver [*Id.*]. He drew his weapon and demanded they step out of their vehicle [12; 40]. Both the driver and Plaintiff were handcuffed when other officers soon arrived—including Officer Willis McNeil of the Como Police Department, another defendant in this action [*Id.*]. The driver was arrested, and after talking with Plaintiff, she admitted to officers she had been drinking alcohol that evening [12]. As a result, the officers would not allow her to drive [*Id.*]. She then requested to be driven by one of the officers to her home in Independence, Mississippi [*Id.*]. Officer McNeil at first refused, but he ultimately gave Plaintiff a ride to a truck stop in Como, Mississippi [*Id.*]. Plaintiff was unhandcuffed and voluntarily entered Officer McNeil's patrol car [*Id.*]. It was during this ride in which Plaintiff

alleges Officer McNeil drove her into a wooded area and sexually assaulted her [40]. This litigation followed.

## *II. Standard of Review*

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 Fed. App'x. 302, 303 (5th Cir. 2012) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause

of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## *III. Analysis and Discussion*

### A. 42 U.S.C. § 1983

The Court first addresses Plaintiff's municipal liability claim under Section 1983, also known as a *Monell* claim.[1] "[U]nder § 1983, local governments are responsible only for 'their *own* illegal acts[,]' and are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)) (other citations omitted) (emphasis in original). This then precludes *respondeat superior* claims from Section 1983 actions.[2] Instead, "[s]uccessful *Monell* claims require 'that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right.'" *Martinez v. City of Rosenburg*, 123 F.4th 285, 289 (5th Cir. 2024) (citing *Doe v. Burleson Cnty., Tex.*, 86 F.4th 172, 176 (5th Cir. 2023)). Plaintiff's complaint fails at the first prong. She provides no official policy as required under *Monell* but

[1] *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658 (1978).

[2] The Court notes here Plaintiff's *respondeat superior* claim against Defendant City of Como must be dismissed. *Longino v. Hinds Cnty., Miss.*, No. 3:13-CV-167-CWR-FKB, 2014 WL 4545943, *6 (S.D. Miss. 2014).

instead vaguely states, "There were specific policies in place that Defendants knew or should have known about, yet failed to follow" [40].

Further, the final policymaker is neither identified nor made a party to this action. As Defendant points out, "the Board of Alderman—not the police chief—is the final policymaker under Mississippi law" [53 (citing *Sockwell v. Calhoun City*, Civ. Action No. 3:19-cv-00004-GHD-RP, 2019 WL 3558173, *2-3 (N.D. Miss. 2019)]. Plaintiff fails to mention the City of Como's board in her complaint at all. What is more, even if the police chief were plausibly the final policymaker in this case, Plaintiff voluntarily dismissed Como City Police Chief Fred Boskey on November 27, 2024 [48]. Therefore, no final policymaker is properly identified. As a result of these findings, the Court need not go further in this analysis. The Plaintiff fails to plausibly plead her § 1983 claim, and it must therefore be dismissed.

### B. Fourteenth Amendment Violations

The Court now turns to Plaintiff's Fourteenth Amendment claim which is the most underdeveloped action brought in this litigation. Plaintiff provides this claim a mere three paragraphs for a grand total of seven lines of her Complaint [40]. It vaguely states, "Defendants, with reckless disregard for Plaintiff Jackson's rights, took action to deprive Plaintiff of her 14th Amendment rights" [*Id.*]. Defendant identifies the vagueness of this claim, noting the allegations are based on "unspecified Fourteenth Amendment rights" [53]. The Court agrees with Defendant's assessment of the Complaint, and Plaintiff responds with nothing more than this notion is "erroneous" [58]. Therefore, finding nowhere in the pleadings where Plaintiff clarified what Fourteenth Amendment rights were violated, this claim is not plausibly pled and must be dismissed.

## *IV. Conclusion*

For the reasons stated above, the Court finds Defendant Town of Como's Motion for Judgment on the Pleadings [52] should be granted and the Plaintiff's claims against that defendant dismissed.

An order in accordance with this opinion shall issue this day.

This, the 29th day of May, 2025.

Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE