# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**SHANTERRA JACKSON**                                                                            **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:24-cv-152-GHD-JMV**

**TOWN OF COMO, MISSISSIPPI, ET AL.**                                 **DEFENDANTS**

## ORDER GRANTING IN PART DEFENDANT'S UNOPPOSED MOTION TO STAY

Before the Court is the Unopposed Motion to Stay [70], filed by the remaining defendant in the case, Willis McNeil. The motion provides that "Plaintiff alleges that Defendant McNeil used excessive force in violation of the Fourth Amendment under 42 U.S.C. 1983, violated the Plaintiff's 14th Amendment Rights under 28 U.S.C. 1343 and makes state law claims for negligence, false arrest and imprisonment and civil assault and battery." [70] at 1. The motion further details that "[o]n or around February 3, 2025, McNeil was contacted by a special agent with the Federal Bureau of Investigations regarding an investigation into the alleged sexual assault while Defendant McNeil was acting in the capacity of a law enforcement officer. On February 5, 2025, Defendant McNeil provided the FBI with a DNA sample. The FBI has not revealed whether criminal charges are pending against Defendant McNeil as of the filing of this motion." [70] at 1-2. As a result, McNeil requests the Court to "enter an order staying all proceedings in this case until the related criminal proceedings are resolved." [70] at 1. Having considered the motion and the applicable case law, the Court finds that the motion [70] shall be granted in part, and that for the reasons provided below, at this juncture, a thirty-day stay is appropriate.

"The decision whether . . . to stay civil litigation in deference to parallel criminal proceedings is discretionary." *Thomas v. City of Benoit, Mississippi*, 2018 WL 5284615, at *1 (N.D. Miss. Oct. 24, 2018), citing *United States v. Simcho*, 326 Fed. App'x 791, 792 (5th Cir.

2009). A district court's discretionary authority to stay proceedings stems from its inherent authority to control the disposition of the cases on its own docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

"It 'is the rule, rather than the exception' that civil and criminal cases proceed together." *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F.Supp.2d 758, 761 (W.D. Tex. 2008) (citation omitted). Further, "[t]he granting of a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly.'" *Simcho*, 326 Fed. App'x at 792–93. It is the burden of the party seeking the stay to overcome the "strong presumption in favor of discovery" and demonstrate why a stay is warranted. *Thomas*, 2018 WL 5284615, at *1 (N.D. Miss. Oct. 24, 2018), citing *United States v. Gieger Transfer Serv.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997). A district court should stay the civil case only upon a showing of "special circumstances," so as to prevent the defendant from suffering substantial and irreparable prejudice. *S.E.C. v. First Financial Group of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).

District courts consider the following factors to evaluate whether a stay is warranted: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *U.S. ex rel. Magee v. Lockheed Martin Corp.*, No. 1:09CV324-HSO-JMR, 2010 WL 2816658, at *4 (S.D. Miss. July 16, 2010) (collecting cases).

Having considered the instant motion, the Court finds that a limited thirty-day stay shall be granted as unopposed. Further, the parties are ordered to brief the appropriateness of a lengthier stay pending resolution of the criminal proceedings, if any, by addressing the facts of this case in light of the factors the Fifth Circuit has directed courts to consider above. The briefs shall be filed within fourteen (14) days of the date of this Order.

**SO ORDERED** this the 12th day of June, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**